IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUE GRAHAM, individually and as the parent and natural guardian of HAILEE ANNE KUVINKA, a minor, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 07-1640 Magistrate Judge Lisa Pupo Lenihan |
| vs. | ) ) | Re: Doc. No. 7 |
| AMBRIDGE AREA SCHOOL DISTRICT, and ALAN N. FRITZ, Principal, Ambridge Area High School, and STEVE WELLENDORF, Assistant Principal, Ambridge Area High School, and BARRY KING, Assistant Principal, Ambrige Area High School, and DAVID COSTANZA, an individual, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Presently before the Court is Defendants' Motion to Dismiss Plaintiffs' claims against Defendants Wellendorf, Fritz, and King in their official capacities including Count II of Plaintiffs' Complaint, and Plaintiffs' claim for punitive damages as to Defendant Ambridge Area School District (hereinafter "Defendant School District"), and as to Defendants Wellendorf, Fritz and King in their official and individual capacities.  Plaintiffs, Sue Graham, and Hailee Ann Kuvinka, (hereinafter "Minor Plaintiff"), filed this civil rights action pursuant to 42 U.S.C. § 1983, against the named Defendants for the sexual assault of Minor Plaintiff while a sophmore at Defendant School District.  Plaintiffs' Complaint attempts to make out a claim in Counts I and II, respectively, against Defendant School District and Defendants Fritz, Wellendorf and King,

for, inter alia, failing to properly investigate, and for failing to take effective remedial action, thereby violating Minor Plaintiff's constitutional rights. (Complaint, Doc. No. 1, at ¶¶ 21-56.)

As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the Complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 127 S. Ct. at 1965 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 1974. That is, as recently summarized by the United States Court of Appeals for the Third Circuit, Twombly requires as follows:

> "[S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 127 S. Ct. at 1965).

First, Defendants argue that Plaintiffs' allegations as to Defendants Fritz, Wellendorf, and King, in their individual and official capacities must be dismissed because these allegations merge with the allegations made against the Defendant School District. Plaintiffs respond that they have clearly stated a claim against Defendants Fritz, Wellendorf, and King in their individual capacities in Paragraphs 5, 7, and 9 of the Complaint.

Defendants' Motion to Dismiss must be granted to the extent that Count II attempts to make out a claim against Fritz, Wellendorf, and King in their official capacities. The Complaint is clear, however, that these Defendants are being sued in their individual capacities. (Complaint, Doc. No. 1 at ¶¶ 5, 7, 9.) The Defendants are correct that a suit brought against government officials in their official capacities are really actions against the governmental entity; that is, damages are not being sought from the individual but from the coffers of the entity. See Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990) (discussing Will v. Michigan Dept. Of State Police, 491 U.S. 58 (1989)). Consequently, claims against these individuals in their official capacities must be dismissed. The claims against Fritz, Wellendorf, and King in their individual capacities, however, shall remain.

Next, Defendants argue that Plaintiffs' claims for punitive damages must be dismissed as municipalities cannot be held liable for punitive damages pursuant to 42 U.S.C. § 1983, and Plaintiffs have failed to plead sufficient facts to establish the requisite evil motive and intent. Plaintiffs concede that punitive damages are not available against the Defendant School District, and in light of the previous analysis, punitive damages are likewise not available against

3

Defendants Fritz, Wellendorf, and King in their official capacities.

As to Defendants Fritz, Wellendorf, and King in their individual capacities, Plaintffs have plead sufficient facts to establish the requisite evil motive or intent. In claims brought pursuant to 42 U.S.C. § 1983, punitive damages are available if defendant's conduct is "reckless, callous, intentional or malicious." Springer v. Henry, 435 F.3d 268, 281 (3d Cir. 2006). As noted in Springer, this standard is disjunctive, and defendant's conduct, at a minimum, must be reckless or callous. Id; see also Keenan v. City of Philadelphia, 983 F.2d 459, 469-70 (3d Cir. 1992). Plaintiffs aver that these Defendants failed to take action against Defendant Costanza in light of knowledge of his inappropriate conduct. For example, Plaintiffs aver that based upon notice of various examples of Costanza's inappropriate conduct, "these Defendants were aware, prior to the sexual assault upon the minor-Plaintiff, that there existed a substantial risk that the teacher-employee Costanza would seek improper and/or unlawful relationships with female students at Ambridge High School." (Complaint, Doc. No. 1 at ¶ 50.) Further, Plaintiff avers that Defendants' failure to act was "motivated by Defendant Costanza's blood relationship to a sitting member of the Ambridge Area School District Board." (Complaint, Doc. No. 1 at ¶ 52.) Consequently, Defendants' Motion to Dismiss Plaintiffs' claims for punitive damages against the Defendant School District and Defendants Fritz, Wellendorf and King in their official capacities is granted, and denied as to Plaintiffs' claims against Defendants Fritz, Wellendorf, and King in their individual capacities.

**AND NOW** this 5th day of May, 2008, Defendants' Motion to Dismiss is **GRANTED** as it relates Plaintiffs' claims against Defendants Fritz, Wellendorf, and King in their official

4

capacities, and **DENIED** as it relates to Plaintiffs' claims against these Defendants in their individual capacities.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Plaintiffs' claims for punitive damages is **GRANTED** as it relates to Plaintiffs' claim for punitive damages against Defendant School District and Defendants Fritz, Wellendorf, and King in their official capacities, and **DENIED** as it relates to Plaintiffs' claim for punitive damages against Defendants Fritz, Wellendorf, and King in their individual capacities.

By the Court:

_____
LISA PUPO LENIHAN
United States Magistrate Judge

cc: All Counsel of Record
Via Electronic Mail